UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TIANWEI LIU,

                              Petitioner,

v.

MARKWAYNE MULLIN, et al.,

                              Respondents.

Case No. 5:26-cv-01697-SSC

MEMORANDUM AND ORDER

On April 7, 2026, Petitioner Tianwei Liu filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.[1] (ECF 1.) Petitioner is a noncitizen[2] who is in immigration detention at the Desert View Facility in Adelanto, California. (*Id.* at 3.)

The petition alleges the following facts. Petitioner entered the United States in June 2022. (*Id.* at 2, 5.) Petitioner was shortly thereafter paroled and released under reporting conditions by the Department of Homeland Security (DHS). (*Id.*) Petitioner has no criminal record, and has complied with all immigration requirements since his release. (*Id.* at 2, 5–6.) Petitioner was re-detained on April 2, 2026, during a routine check-in without notice or justification. (*Id.* at 2,

---

[1] With his petition, Petitioner filed a motion for a temporary restraining order (ECF 5), which this Court denied in light of the expedited briefing schedule on the petition (ECF 6).

[2] Petitioner is a citizen of China. (ECF 1 at 2.)

6.)  Since his re-detention, Petitioner has not had a bond hearing scheduled, despite expressing his intention to initiate one.  (*Id.* at 4.) Petitioner seeks release or, in the alternative, a prompt individualized bond hearing under 8 U.S.C. § 1226(a).  (*Id.* at 6–7.)

Respondents maintain that Petitioner is subject to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  (ECF 8 at 2.)  So both parties effectively agree that Petitioner is entitled to an "individualized custody determination" under 8 U.S.C. § 1226(a).  In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases.  *See*, *e.g.*, *Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing where "Respondents concede[d] that Petitioner is . . . entitled to a bond hearing under the reasoning of *Maldonado Bautista*").

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026).  There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that

2

being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **April 24, 2026**, he is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: April 17, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

3